IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MICHELLE MINERO**,

    Plaintiff,

vs.

                 11cv1127 WJ/RHS

**MICHAEL J. ASTRUE**,
Commissioner of Social Security,

    Defendant.

## MAGISTRATE JUDGE'S ANALYSIS AND PROPOSED DISPOSITION

THIS MATTER comes before the Court on Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (Doc. 23). The Court considered the pleadings and the supporting documentation, and proposes that Plaintiff's Motion be denied and that the case be dismissed with prejudice.

## CASE HISTORY

Ms. Minero asserts that she became disabled on April 17, 2007 (Administrative Record (AR) 13) due to "fibromyalgia, Raynaud's disease, degenerative disc disease, spinal stenosis, restless leg syndrome, left hand carpal tunnel, back, neck, hips, shoulders, arms and depression" (AR 73). She filed her claim for social security disability benefits on April 4, 2008 (AR 13). An Administrative Law Judge (ALJ) held a hearing on July 13, 2008, at which Ms. Minero was represented by counsel (AR 13). The ALJ afforded counsel the opportunity to question Ms. Minero (AR 44). On September 24, 2010, the ALJ issued a written decision that Ms. Minero was not disabled (AR 13-23). Ms. Minero appealed to the Social Security Administration's Appeals Council, which declined review on November 3, 2011 (AR 1). Ms. Minero filed in this Court on

December 23, 2011 for review of the alleged disability starting on April 17, 2007.

## ISSUES FOR REVIEW

This Court reviews the ALJ's decision-making process.  The ALJ is required to review Ms. Minero's case in a sequential five-step process to determine if she is disabled.  20 C.F.R. § 404.1520.  For the first two steps, the ALJ found in favor of Ms. Minero, and the steps are mentioned here only as background.  At the first step of the analysis, the ALJ determined that Ms. Minero is not engaged in "substantial gainful activity."  20 C.F.R. § 404.1571 (AR 14).  In the second step, the ALJ considered whether Ms. Minero has a severe medical impairment (20 C.F.R. § 404.1520(c) and 20 C.F.R. § 416.920(c)) and found that Ms. Minero does have cervical stenosis and major depressive disorder (AR 15).

For step three, the ALJ concluded that Ms. Minero does not have an impairment that meets or medically equals one of the listed impairments (AR 16).  This conclusion is adverse to Ms. Minero, but she does not argue in her Motion that the ALJ's step three decision was contrary to law (Doc. 23-1 at 14), so it is not discussed here.

Prior to step four, the ALJ reviewed Ms. Minero's residual functional capacity and determined that Ms. Minero had the capacity to perform light work but that she must be able to alternate between standing and sitting every thirty minutes (AR 17).  Ms. Minero alleges that the ALJ erred by giving insufficient weight to the reports from providers (Doc. 23-1 at 14).  This is the sole issue analyzed in this proposed disposition.

At the fourth step, the ALJ considered whether, in light of Ms. Minero's residual functional capacity, Ms. Minero can still perform her past relevant work.  The ALJ determined that the claimant could not perform any past relevant work (AR 20), which was a determination in her

favor and therefore it is not disputed nor discussed here.

At step five, the ALJ determined whether Ms. Minero could perform jobs in the national economy, given her age, education, work experience, and residual functional capacity assessment. In part based on the Vocational Expert's testimony, the ALJ concluded that there were at least three jobs (satellite instruction facilitator, switchboard operator, information and referral aid) that Ms. Minero could perform and therefore she was not considered disabled (AR 22).   Ms. Minero does not allege that the ALJ made any specific error at step five (Doc. 23-1), so it is not analyzed here.

## STANDARD OF REVIEW

The Court's review of the administrative decision is both factual and legal.   The factual findings at the administrative level are conclusive "if supported by substantial evidence." 42 U.S.C. § 405(g).   "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   Grogan v. Barnhart, 399 F.3d 1257, 1259 (10th Cir. 2005).   Substantial evidence is less than a preponderance, Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989).

As for the review of the ALJ's legal decisions, the Court reviews "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases."   Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

## ANALYSIS

### The ALJ Gave Sufficient Weight to Ms. Minero's Physical and Mental Health Providers (Residual Functional Capacity Step)

At the residual functional capacity step, the ALJ mentioned four different providers and Ms. Minero raises issues with regard to each of the four: Pamela O. Black, MD; Roger Rounds,

DO; Cathy L. Simutis, Ph.D; and Christian Counseling.   Ms. Minero argues that the ALJ gave insufficient weight to these providers.

### Pamela O. Black, MD

The ALJ reviewed the records from Ms. Minero's treating physician, Dr. Pamela O. Black, MD (AR 19).   The ALJ did not give any weight to Dr. Black's opinion because the ALJ concluded that Ms. Minero had coerced her physician into providing an opinion favorable to a social security disability decision.

The treating physician documented Ms. Minero's confusion regarding the doctor's diagnosis on January 25, 2008.   Even when the patient was informed that she had not been diagnosed with fibromyalgia, she continued to refer to how she treats it (AR 282).   Notes from February 5, 2008 confirm, "[i]nitial fibromyalgia screens do not specifically indicate a diagnosis of fibromyalgia" (AR 281).   On March 6, 2008, the treatment notes bluntly continue the same point, "we did not diagnose her with fibromyalgia.   The patient insists she had the diagnosis of fibromyalgia and we gave it to her" (AR 277).   The physician had a lengthy conversation on July 21, 2008 with Ms. Minero regarding exercise being the best medicine for fibromyalgia (AR 319).

The treatment notes from November 16, 2009 indicate another lengthy conversation about disability.   "The patient states Bender & Bender will not take her case because of the information we gave them.   The patient states that the agreement with our office was that she was unable to work.   The patient is told again that we do not generally make that determination.   The patient is told she has chronic fibromyalgia which is not medically considered a reason for disability but we agree the patient has had so many bad days, the patient has to move and change positions so many times that it is unlikely the patient would be able to be employable at this time."   AR 476).   The physician referenced the disability hearing scheduled for approximately two weeks after the

appointment (AR 477). On January 14, 2010, Dr. Black wrote, "The patient states she is trying to get disability. The patient is again told that we do not consider fibromyalgia a medical condition that means one cannot do any kind of work at all" (AR 474).

Ms. Minero generally argues that the ALJ gave insufficient weight to the physician reports based on the ALJ's speculation that Ms. Minero was coercing her physicians into providing favorable reports (Doc. 23-1 at 14). After reviewing the treating physician's medical documentation, the Court concludes that there was not any speculation on the ALJ's part because Ms. Minero clearly made her treating physician aware of her desire to obtain supportive physician notes. The notes do not indicate that Ms. Minero's doctor was advocating for the patient's disability, which was an issue raised in a case cited by Ms. Minero, McGoffin v. Barnhart, 288 F.3d, 1248 (10th Cir. 2002). In fact, the notes are devoid of evidence to indicate that the doctor found facts that would support disability. Even if the ALJ had given great weight to Dr. Black's opinion, the opinion would still need to point to disability in order for Ms. Minero to gain benefits. Ms. Minero's brief does not point to any specific and supportive medical facts from Dr. Black's office that would suggest that Ms. Minero meets the definition of disabled (Doc. 23-1). Because Ms. Minero has not demonstrated that the ALJ made any error with regard to weighing the doctor's opinion or substantial evidence of disability, there is not any reason to reverse or remand on this issue.

Roger Rounds, DO

The ALJ reviewed the medical source statement from Roger Rounds, DO, to the Social Security Administration. Dr. Rounds opined that Ms. Minero was capable of significantly less than sedentary work (AR 20). The ALJ noted that the treatment notes were not consistent with

this opinion and therefore gave "very little consideration to Dr. Rounds medical source statement." (AR 20). Ms. Minero argues that the ALJ erred by giving Dr. Rounds' opinion little weight because the ALJ was speculating that Ms. Minero was trying to obtain supportive doctor's notes. In support of her argument that Dr. Rounds is correct that she can do less than sedentary work, Ms. Minero notes that Dr. Rounds said in his medical source statement to the Social Security Administration she would need to elevate her legs above heart level when sitting for a prolonged period of time (AR 499). However, the prior treatment notes indicate that Dr. Rounds told the patient to put up her feet when resting (AR 506). That same day, Dr. Rounds wrote down that the patient has been walking the dogs more than an hour day (AR 506), which does not seem consistent with being able to perform less than sedentary work. After reading Dr. Rounds treatment records, the Court cannot find any specific, medical information to support his opinion to the Social Security Administration that Ms. Minero is capable of less than sedentary work. Ms. Minero's brief likewise does not point to records to support Dr. Rounds' restrictions. Thus, it seems that the ALJ appropriately gave very little consideration to Dr. Rounds' unsupported assessment. There is not any reason to reverse or remand this issue, because there does not appear to be any error by the ALJ in assessing the medical source statement.

### Cathy L. Simutis, Ph.D

In August 2008, Cathy Simutis, Ph.D. conducted a consultative psychological exam. She diagnosed major depressive disorder and noted that Ms. Minero's ability to understand and remember directions was moderately limited, ability to concentrate and persist in a task was moderately limited, and that she had other mild limitations (AR 359). It appears that moderate limitations were the greatest restrictions. The ALJ afforded significant weight to this consultative

examiner (AR 19), and the ALJ concluded that major depressive order was one of Ms. Minero's severe impairments (AR 15).   Ms. Minero's motion does not allege that the ALJ made any specific factual or legal error in considering the consultative examiner's report, and instead argues only that Dr. Simutis corroborated the claimant's physical ailments, such as chronic pain (Doc. 23-1 at 15).   Dr. Simutis' area of expertise is psychology and she holds a Ph.D in that field (AR 358).   She is not a physician and therefore does not have the requisite qualifications to opine about physical problems.   Ms. Minero has not presented any reason why the Court should reverse or remand on this issue.

Christian Counseling

Ms. Minero called First Nations Community Healthsource on June 24, 2010 and the records at First Nations indicate that Ms. Minero sought psychiatric treatment in anticipation of her social security disability hearing (AR 534).   She then visited Christian Counseling of New Mexico on June 29, 2010 and again on July 8, 2010 (AR 522), five days before her disability hearing.   At her first appointment, she was diagnosed with major depressive disorder (AR 530). The ALJ noted, "This appears to be the claimant's first attempt to have her mental complaints addressed by a mental health provider and not as a secondary complaint to her medical providers. That the claimant did so only in preparation for this hearing brings into question the severity of her complaints and suggests that the claimant was seeing a mental health provider primarily in order to generate evidence, rather than in a genuine attempt to obtain relief from the allegedly disabling symptoms" (AR 20).   Ms. Minero's brief argues that the ALJ rejected Christian Counseling's reports (Doc. 23-1 at 16).   However, the ALJ found at step two that major depressive disorder was one of Ms. Minero's severe impairments (AR 15), which indicates that the ALJ accepted Christian

Counseling's report. Even though the ALJ credited the diagnosis of major depressive disorder, the ALJ considered a provider's records regarding Ms. Minero's motivation for seeking care right before disability hearing in determining the severity of the depression and its effect on the claimant's overall capacity. Ms. Minero has not pointed to any additional diagnosis or limitation provided by Christian Counseling that is in conflict with the ALJ's conclusions. Because the ALJ's findings and conclusions are consistent with the provider's information, there is not any reason to reverse or remand on this issue.

In conclusion, the Social Security Administration's decision that Ms. Minero is not disabled is supported by substantial evidence in the administrative record and the Court is not persuaded that any error occurred. Therefore, the Court recommends that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (Doc. 23) be denied and that the case be dismissed with prejudice.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations. If objections are not filed, appellate review will not be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE